## JAMES JOHNSON v. Y. W. H. McKISSACK.

Where a certiorari bond is lost, it is proper for the Court to order a new bond to be filed, and on failure of the party to comply with the order, a reasonable time being allowed, the certiorari should be dismissed on motion of the adverse party.

Where a certiorari is dismissed, although for cause subsequent to the return thereof, as for failure to comply with an order to give a new bond in the stead of one which has been lost, it is error to award a procedendo.

Johnson v. McKissack.

Error from Falls.    Tried below before the Hon. Henry J. Jewett.

ROBERTS, J.   This is a certiorari from a Justice's Court, which was dismissed by the District Court, for want of a bond.   After dismissing the certiorari, the Court awarded a writ of *procedendo* to the Justice, requiring him to issue a writ of possession, (in a case of forcible entry and detainer.)

These are the grounds of error assigned.

The record shows that the certiorari bond was lost, and that, after the cause had been in Court over a year, McKissack made a motion to dismiss the certiorari unless a bond should be filed. The Court made an order to that effect, and continued the cause one Term, to enable Johnson to give the bond.

At the succeeding Term the motion was renewed, and Johnson still failing to give the bond, the certiorari was dismissed.   Under these circumstances, we do not think the Court erred in dismissing it.

It has been held that a motion to dismiss a certiorari should be made at the return Term.    That ruling contemplates some ground of exception in existence at or previous to the return Term, and not such a case as this.    Certiorari is not strictly a writ of right.   It is an equitable remedy, resting on the legal discretion of the Court.   It is never to be exercised except upon ample security furnished to the party against whom the remedy is sought.   It would be inequitable to continue that remedy when the security was lost, or even rendered difficult of attainment by the loss of the bond, which was the evidence of it.   It was the paper of Johnson, filed in the record for his benefit, and it was his duty to substitute it or make a new one in its place.

Dismissing the certiorari was a refusal of the Court to further take cognizance of the case.   It should have confined its judgment to a mere dismissal, and recovery of the costs of its own Court.   So far it is correct, and will be affirmed.   The order of a *procedendo* is an inconsistent proceeding, for it implies a cognizance of the case by the Court.   So far it is erroneous.

The judgment will be reversed and reformed in accordance with this Opinion.

Judgment reformed.