G. W. SHORT v. THE STATE. ·

1. An indictment for theft of a beef steer, laying time and place, charged that the defendant "did fraudulently steal, take, and carry away from " the possession of W. one beef steer, of the value of fourteen dollars, " the property of the said W., without the consent of the owner, and " with the intent to deprive," &c. *Held*, that the indictment sufficiently describes the property, and it was not error in the court below to over-rule the defendant's motion to quash.

2. This court has repeatedly decided that it will not revise a judgment of a lower court when there is evidence to support the judgment.

APPEAL from Lampasas. Tried below before the Hon. E. B. Turner.

The facts of the case are sufficiently indicated in the opinion of the court.

No brief for the appellant has reached the hands of the reporter.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J. In this case the appellant was tried and convicted of the theft of a beef steer. On the trial the defendant filed a motion to quash the indictment because of the want of a more specific description of the property charged to have been stolen. The motion was overruled by the court, to which the defendant excepted.

Under the repeated decisions of this court the ruling upon the motion was not erroneous, and the exception was not well taken.

After the verdict of the jury the defendant filed a motion for a new trial, and assigns as grounds for the motion, two alleged errors. The second, which is, that there were not twelve competent and legal jurymen empane led to try said case, appears first in the motion for a new trial, and is wholly unsupported by the record, and therefore deserves no further notice here.

The first ground in support of the motion, that " the verdict " is contrary to and not supported by the evidence," was very properly addressed to the judgment and discretion of the court trying the case, but cannot be so fully appreciated and understood by this court. There certainly was some evidence to warrant the conviction, since the defendant himself acknowledged in effect, to the owner of the animal, that he had taken the steer without permission, and had converted the same to his own use. And this court has repeatedly decided that, in criminal cases, it would not revise a judgment of a lower court, upon the facts of the case, where there was testimony to warrant the judgment. We think the jury the proper judges of the facts of a case, when rightly instructed by the court. There is no assignment of errors, and we have failed to discover any such error as would require a reversal of the judgment. It is therefore affirmed.

Affirmed.