G. BOWMAN v. THE STATE.

1. Where facts are stated in an application for continuance which may or may not be material, the facts in connection therewith which would make them material should also be stated.

2. Exceptions to the action of the court in overruling an application for continuance should be made to appear in a bill of exceptions, rather than in the shape of an order or judgment on the minutes.

3. See opinion for an application for continuance, made by one jointly indicted with others for theft, which was properly overruled.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

*Hood & McCall,* for appellant, relied for a reversal of the judgment of conviction in this case chiefly on the action of the court in overruling Bowman's application for a continuance. They also argued at length the insufficiency of the evidence to authorize a conviction.

The character of the application for continuance and the controlling features of the evidence appear in the opinion.

*Geo. Clark, Attorney-General,* for the State.

ROBERTS, CHIEF JUSTICE.—One of the errors assigned is, that the court erred in overruling the application of defendant for a continuance.

The facts sought to be shown by the absent witnesses, for whose evidence the continuance was desired, are, that his co-defendant was seen in possession of the horses on Tuesday of the week they were alleged to have been stolen, and that on that day defendant left his father's, in Tarrant county, and went to Dallas county, after a lame horse he had left there, together with other facts tending to show that if his co-defendant, Shockley, stole the horses, he (defendant) was not with him until they met at a restaurant in Fort Worth, Tarrant county, the Thursday evening afterwards. The answer to this objection is, that defendant was jointly with Shockley indicted for stealing the horses in Parker county. The State was not bound to prove the stealing to have taken place on the

very day or week alleged in the indictment. Persons who steal property in one county and carry it into another, are guilty of theft in the latter as well as in the former county.

Where facts are stated in an application for a continuance which may or may not be material, the facts in connection therewith which make them material should also be stated in the application. (Bruton v. The State, 21 Texas, 336.)

The facts which he seeks to prove as having occurred in Tarrant and Dallas counties are not inconsistent with the fact that he might have participated with Shockley during that week in some act that would have amounted to the theft charged. Had there been any doubt of this before the trial, the facts of the case then developed made it plain and certain. The court did not err in overruling the motion for a continuance.

The recital of facts not proved as constituting the reasons of the district judge for overruling the application for continuance, is not error. That is a question of discretionary judicial propriety, or, when inserted in the judgment, one of literary taste rather than one of law, which this court cannot review.

It may be proper here, as a point of practice, to remark that exceptions to the ruling of the court in overruling an application for a continuance should be made to appear in a bill of exceptions rather than in the shape of an order or judgment upon the minutes, because, among other reasons, the opposing counsel's attention may not be called to such an entry when made, not being the proper place for such proceeding ; and in an exception, the reasons of the judge for overruling the motion might well appear, if he chose to give any.

The evidence on the trial exhibits a clear case of theft, as charged in the indictment. The court charged the law applicable to the facts proved on the trial.

The part of the charge particularly complained of by defendant's counsel is as follows, to-wit:

"4. If you have a reasonable doubt of the guilt of the defendant, growing out of the evidence, you will acquit.

"5. By the last preceding charge is meant that in order to convict the defendant of the offense charged *your minds must be satisfied*, after considering all the evidence, that the defendant is guilty thereof."

It is contended that the latter charge qualifies and weakens the force of the former as to doubts.

It might have been better to have reversed the order of these charges, and have given the first last. The last charge, being underscored, may be taken, and so it was probably designed, in the strongest sense of the terms used, so as to be tantamount to the expression that the jury should be fully satisfied of defendant's guilt before they could convict him. There were no facts in evidence upon which to raise a doubt of his guilt, and therefore the charge could not have misled the jury. (Chandler v. The State, 2 Texas, 308.) The law of the case was fairly charged by the court, and the charges asked by the defendant's counsel might well be refused. (Robinson v. The State, 15 Texas, 314; Brown v. The State, 23 Texas, 200.)

The defense seems to have been based on the idea that Shockley had stolen the horses in their range on Mountain creek, on the line between Dallas and Tarrant counties; that defendant got in company with him afterwards, and went with him to Weatherford in charge of the horses, and that there was no sufficient evidence that defendant knew that the horses were stolen, or that defendant participated with him in the act of stealing them. There is no evidence tending to establish that view of the case. On the contrary, he was seen with Shockley driving horses in that range; was seen with Shockley in Tarrant and Parker counties, both controlling these horses

together; upon being told that he was suspected of having stolen them, assumed to say that the title was good, and gave Shockley's name as "Conway." The court did not err therefore in overruling the motion for a new trial.

AFFIRMED.