### BETH TOWNSEND v. THE STATE.

1. CONTINUANCE—CRIMINAL PROCEDURE.—An affidavit for continuance, for want of witnesses who reside out of the county, is insufficient, which fails to show the date of the issuance of attachments for such witnesses, and to whom the attachments were delivered.

2. APPLICATION FOR CONTINUANCE, which seeks to excuse the statutory acts of diligence, is defective if it fails to show the distance to the residence of the witnesses and the *time* necessary to have service of process upon them.

3. PRACTICE IN SUPREME COURT.—The action of the court in refusing a continuance must be shown by bill of exceptions, or such action will not be noticed on appeal.

APPEAL from Lavacca. Tried below before the Hon. W. H. Burkhart.

Beth Townsend and two others were indicted in 1872 for an aggravated assault and battery upon Augusta and Julia Addicks, females.

Appellant, March 11, 1874, applied for a continuance for the testimony of three material witnesses residing in Williamson county. The diligence shown to secure their attendance is as follows:

"That subsequent to the finding of this indictment, M. L. McSelf, finding that there were several indictments against

him, absconded from this county, taking with him the above-named witnesses, they being members of his family; that they used every means to conceal their whereabouts from the inhabitants of this county; that it is only within the last ten days or two weeks that defendants have been able to discover the whereabouts of these witnesses; that defendants have had two attachments issued for them."

The testimony was material and the application was statutory in other respects. The judgment recites that the motion for continuance "was overruled, to which the defendants except." There was a verdict and judgment for $1,000 fine. Defendant appealed.

*Hancock, West & North,* for appellant.

*George Clark, Attorney General,* for the State, cited Bruton *v.* The State, 21 Tex., 346; Cooper *v.* The State, 19 Tex., 449; Brown *v.* The State, 23 Tex., 199.

Gould, Associate Justice.—The appellant sues to reverse this case on the sole ground that his application for continuance was improperly overruled.

If the application be regarded as an attempt to show diligence, it is defective in not stating when the attachments issued, or in whose hands they were placed; nor is there anything in the record to supply this defect.

If it be regarded as an attempt to excuse the want of diligence, it fails to show that, after the discovery of the place where the witnesses were to be found, there was not sufficient time to have the attachments served. For aught that appears, ten days or two weeks may have been ample time for that purpose. In applications addressed to the discretion of the court it must clearly appear that the continuance was improperly refused before the judgment will be reversed. (Lewis *v.* Williams, 15 Tex., 47; Trammell *v.* Pilgrim, 20 Tex., 160; Burrell *v.* The State, 18 Tex., 729.)

It is to be remarked that there is no bill of exceptions to the ruling of the court on the application, but it is attempted to secure the same end by reciting in the minutes of the court that defendant excepted. We have disposed of this case on the ground of the insufficiency of the application, but do not wish to be understood as holding that the minutes of the court can thus be made to answer the purpose of a bill of exceptions.

The judgment is affirmed.                    AFFIRMED.