## THE STATE v. EPHRAIM WILLIAMSON.

1. MISTAKE IN SPELLING—ARREST OF JUDGMENT.—An indictment charging that the accused "did then and there fraudulently and feloniously take, steal, and carry away from the *possion* of the owner, without the consent of the owner, and with intent," &c.: *Held,* good on motion in arrest of judgment; otherwise on exceptions to the indictment.

2. PRACTICE—BILL OF EXCEPTIONS.—In absence of a bill of exceptions to the action of the court overruling an application for continuance, the appellate court will not revise such action.

APPEAL from McLennan.    Tried below before the Hon. D. M. Prendergast.

Williamson was indicted, tried, and convicted for theft of two oxen.    His motion in arrest of judgment was granted, and the State appealed.

*A. J. Peeler, Assistant Attorney General,* for the State.

*West & Prather,* for appellee.

If the ruling of the court on the motion in arrest of judgment was correct, as we affirm, the question as to the continuance is of no importance, since an affirmation by this court of the judgment of the court below will practically work the same result.    We affirm that the use of "possion" for "possession" is equivalent to the omission of the word "possession" altogether, and that the reasoning in the cases here cited is equally applicable to the one at bar.    The statute does not say that the meaning of the pleader in criminal cases shall be clearly deducible from the language attempted to be used, but that the "indictment" shall be in "plain and intelligible words."    P. D., 2863.    Possion is certainly "plain."    Is it intelligible? If not, has the court the right to make it so by the insertion of a syllable?    If yea, why cannot the court insert syllables wherever the necessities of the State require it?

For instance, if the indictment should, by pretended inadvertence, say " with the consent of the owner," would the court append " out" to " with," in behalf of the pleader? If it can do this, what can it not do? It is not usual to inquire into the reason of plain statutes as to criminal pleading, and a rule will not be established for the accommodation of prosecutors which would leave in an open sea, without a rudder or compass, all pleading as to "*autrefois acquit*" or "*autrefois convict*," or actions for malicious prosecutions—indeed, all pleading, *pro* or *con*, in which the technical accuracy of an indictment could be made available for either party. Neither reason nor authority will furnish an argument against the action of the court below on the motion in arrest, and the motion was properly sustained. We cite The State v. Huston, 12 Tex., 245; The State v. Williams, 14 Tex., 126; The State v. Hutchinson, 26 Tex., 111; The State v. Daugherty, 30 Tex., 360; Sparks v. The State, 35 Tex., 349; The State v. Davidson, 36 Tex., 325; Castello v. State, 35 Tex., 324; Garner v. State, 35 Tex., 693.

REEVES, ASSOCIATE JUSTICE.—The indictment charges the defendant Williamson with the theft of two work oxen, and being convicted he moved the court for a new trial, and also moved to arrest the judgment. The motion for a new trial was overruled, and defendant gave notice of appeal. The motion in arrest of the judgment was sustained, and the District Attorney excepted and appealed.

Defendant, in the first ground of his motion for a new trial, complains of the action of the court in overruling his application for a continuance of the case. There being no bill of exceptions to the ruling of the court found in the record, the refusal of the court to grant the continuance will not be revised.

The other ground of the motion, in which defendant complains of the verdict of the jury, is not supported by

the evidence. No error is perceived in the charge of the court, and none is pointed out in the brief for defendant.

The court sustained the motion in arrest of the judgment, on the ground that the indictment does not aver that the oxen were taken from the possession of R. S. Rogers, the owner, or from the possession of any one.

The indictment charges that the defendant "did then and there fraudulently and feloniously take, steal, and carry away from the *possion* of the owner, without the consent of the owner, with intent to deprive the owner of the value of the same," &c.

The word "possion" in the indictment, as will be seen, is formed by the omission of the letters "ses" in the word possession, and though it wants the proper combination of letters to express the word in full, when the context and subject-matter are taken into consideration, the word intended to be used cannot be misunderstood. An objection of this character should be interposed before the trial, and should not be made a ground for the arrest of the judgment. By an express provision of the code "no judgment shall be arrested for want of form."

In the case of The State *v*. Huston, 12 Tex., 245, where the word "at" was omitted before the words "a certain public house," the indictment was quashed on motion; so in The State *v*. Hutchinson, 26 Tex., 112, the indictment, which omitted the word "did" in charging the unlawful killing of an animal, was quashed on the defendant's motion. The same word "did" was omitted in the indictment in the case of The State *v*. Daugherty, 30 Tex., 360, and the defect was fatal to the indictment on a motion to quash. There are other cases in which it has been held that the indictment was bad when a word essential to the validity of the charge had been omitted. Sparks *v*. The State, 35 Tex., 349.

It cannot be doubted that the indictment must aver that the property was taken from the possession of the owner.

We are of opinion that such possession is averred with sufficient certainty to support the verdict in this case, and the motion in arrest of the judgment should have been overruled. Had there been no allegation of possession, or had the word possession been omitted altogether, the case would be different, and the authorities cited in the brief of appellant's counsel would be in point and decisive of the case.

The order of the court arresting the judgment is set aside, leaving the judgment of conviction to be executed.

Reversed and remanded for further proceedings in accordance with the opinion.

REVERSED AND REMANDED.