## C. PULLEN *v.* THE STATE.

1. CONTINUANCE — DILIGENCE.— Defendant's application for a continuance stated that he caused a subpœna to issue "immediately after his arrest," but left the time of his arrest unstated; and then alleged that the subpœna was returned "not found," and that "thereupon he caused an attachment to issue," but nowhere disclosed when the attachment was issued or the subpœna returned. *Held,* that these allegations were too indefinite to show diligence.

2. SAME.— If in an application for a continuance the disposition made of the process is alleged upon information and belief, the name of the informant should be disclosed.

3. Same.— All applications of a defendant for a continuance on account of the absence of a witness must state that the witness is not absent by the defendant's procurement or with his consent.

4. Indictment for unlawfully branding a colt, with intent to defraud, was excepted to because it did not further describe the colt as an animal of the horse species. *Held*, that the exception was correctly overruled.

Appeal from the District Court of McMullen. Tried below before the Hon. D. P. Marr.

Five years confinement in the penitentiary was the punishment assessed against the appellant. All matters involved in the rulings are disclosed in the opinion.

*E. Edmonds*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Hurt, J. This appellant was convicted of felony in branding the colt of W. W. Talbot, with intent to defraud. A great many grounds are relied on for a reversal of the judgment of the court below. The first is, that the court erred in overruling the motion to continue. In this we think there was no error. The application is fatally defective for want of diligence. It is stated in said application "that immediately upon his arrest this affiant caused a subpoena to issue," etc. When the defendant was arrested does not appear in the record.

Again, the subpoena being returned "not found," the application further states: "that defendant thereupon caused an attachment to issue," etc. We are not informed when the subpoena for the witness was returned, and consequently are unable to learn when the attachment issued. But suppose the subpoena and attachment had been issued in due time, still the application is insufficient because it does not appear that the attachment was directed to the sheriff of Bexar county; nor does it appear

that it was stamped and placed in the post office. Upon this point the motion is as follows: "That defendant thereupon caused an attachment to issue for said J. W. Yarbrough, which he is informed by his attorney, and believes, was duly placed in the post office, prepaid, addressed to the sheriff," etc. Who informed him? The affidavit of the person who sent this attachment is of vital importance just here. Without it we are of the opinion that the motion is defective for want of diligence. *Townsend* v. *State,* 41 Texas, 134; *Murray* v. *State,* 1 Texas Ct. App. 174.

The application is also insufficient in substance. It does not negative the fact that this witness was absent by the procurement or consent of the defendant. Art. 560, Code Crim. Proc.

The next ground for reversal is, that the indictment is defective, because it charges that the defendant branded a *colt,* without a further allegation that the colt was of the horse species. This, we think, is not necessary. " Colt " is as well understood as gelding, mare, stud, steer, heifer, cow, or bull. *Horse* is the generic name of the equine species, *cow* of the bovine; to name one of the species is sufficient. *Short* v. *State,* 36 Texas, 644; *Robertson* v. *State,* 1 Texas Ct. App. 311.

The charge of the court is complained of. After a careful examination of the charge, we are of the opinion that it is full and complete, and liberal to the defendant,— adapted in every particular to the evidence. The refused charges,— some portions thereof,— were not supported by the case as made by the facts; that which was based upon the evidence was contained in the charge given by the court below.

It is urged that the evidence fails to support the verdict. We think it does support the verdict, and if necessary that fact could be demonstrated.

We have very carefully examined every error assigned

by the able brief of the appellant, but are unable to discover such error as will justify a reversal of the judgment of the court below.   It is therefore affirmed.

*Affirmed.*