## JEWELL TURNER V. THE STATE.

### No. 11275.   Delivered February 8, 1928.

### Rehearing denied April 4, 1928.

**1.—Burglary—Confession of Accused—Corroboration—Not Necessary.**

Where the burglary was established the confesstion by appellant of his guilt of the act was sufficient to support a conviction. It has been the uniform holding that in such cases the confession is sufficient to show connection with the crime.   See Silva v. State, 102 Tex. Crim. Rep. 415, and other cases cited in original opinion.

**2.—Same—Continuance Refused—Bill of Exception—Necessary for Review.**

A motion for a continuance or postponement must be brought forward by proper bill of exception to be reviewed on appeal.   See Martin v. State, 92 Tex. Crim. Rep. 124; Miller v. State, 93 Tex. Crim Rep. 163, also Branch's Ann. P. C., Sec. 304.

**3.—Same—Confession of Accused—Leading to Recovery of Stolen Property—Properly Admitted.**

Where appellant, under arrest, confessed her guilt to the sheriff, and went with the sheriff to a place where the stolen property was recoovered, such confession was properly admitted in evidence.   See Zumwalt v. State, 5 Tex. Crim. App. 521, and other cases cited in original opinion.

**4.—Same—Written Confession—Properly Admitted.**

Where a written confession of appellant, introduced by the state contained the statement that she and her companions had left Waco in a car which had been stolen, same was properly admitted.

**5.—Same—General Reputation—Plea for Suspended Sentence—Raises the Issue.**

Where appellant filed a plea for a suspended sentence this placed her general reputation in issue, and there was no error in permitting the state to prove that such reputation was bad.   See Overby v. State, 92 Tex. Crim. Rep. 172, and Shirley v. State, 93 Tex. Crim. Rep. 573, and authorities therein collated.

**6.—Same—General Reputation—Cross-Examination—Rule Stated.**

Where appellant introduced a witness who testified as to her good reputation, on cross-examination the state could properly ask the witness if he had not heard of acts on appellant's part inconsistent with the character that he had testified she bore.   See Underhill Crim. Ev. (3rd Ed.), Sec. 82; Johnson v. State, 91 Tex. Crim. Rep. 582.

**7.—Same—Argument of Counsel—Not Reversible Error.**

Where the District Attorney in his argument stated to the jury "would you turn her loose—a menace to the health of society." No information is furnished in the bill, as to the setting of the language complained of, but it does appear that promptly upon objection being interposed, the court instructed the jury to disregard, and not consider the statement. The incident was not of such harmful character as to warrant the reversal of the judgment.

### ON REHEARING.

**8.—Same—Continuance Denied—Practice on Appeal.**

The proposition that the appellate court cannot review the action of the trial court, in overruling an application for a continuance, in the absence

of a bill of exceptions has not only been repeatedly announced by this court, and the Supreme Court of this state, but the decisions rest upon what has heretofore been, and is now considered very sound reason. See Nelson v. State, 1 Tex. Crim. App. 41, and authorities there cited. Branch's Ann. P. C., Sec. 304, Vernon's Tex. Crim. Stat., 1916, Vol. 2, p. 727, note 2, and page 729, note 5.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for burglary, penalty four years in the penitentiary.

The opinion states the case.

*W. H. Nunn* of Georgetown, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being four years in the penitentiary.

This is a companion case to Wm. Turner v. State (No. 11279), and Hamilton v. State, (11296) recently decided. The facts testified to by the accomplice witness are fully set out in the opinion in those cases. Practically the same facts appear in the present record but come through appellant's written confession which was taken under the formalities required by law. The confession shows appellant's guilt as a principle in the burglary.

There is no merit in appellant's contention that an acquittal should have been directed because there was no corroboration of the confession. That a burglary was committed by some one is shown by other evidence than the confession. It has been the uniform holding that in such case the confession is sufficient to show connection of the party making the confession with the crime. Silva v. State, 102 Tex. Crim. Rep. 415, 278 S. W. 216; Aven v. State, 95 Tex. Crim. Rep. 160, 253 S. W. 521; Willard v. State, 27 Tex. Crim. Rep. 391, 11 S. W. 453; Lyles v. State, 91 Tex. Crim. Rep. 127, 237 S. W. 558; Sullivan v. State, 40 Tex. Crim. Rep. 633, 51 S. W. 375; Gandy v. State, 99 Tex. Crim. Rep. 643, 271 S. W. 97; See Branch's Ann. Tex. P. C., Sec. 1890 for collation of further authorities.

A motion for continuance or postponement was made but no bill of exception is found bringing forward complaint based upon the action of the court in overruling it. Without such bill we are precluded from reviewing the question. Martin v. State, 92 Tex. Crim. Rep. 124, 242 S. W. 234; Miller v. State, 93 Tex. Crim. Rep. 163, 246 S. W. 87; See Branch's Ann. Tex. P. C., Sec. 304.

Mr. Bigham, the Sheriff of Bell County, was permitted to testify over objection that appellant while under arrest told him where some of the property taken from the burglarized store had been thrown out of an automobile in a certain lane near Waco, and that appellant went with witness and pointed out the place. No property was found in the lane but when found by the officer it was in possession of a Mr. Pricket. The objections urged were that the property was not found where appellant said it had been thrown out of the car, and was not found as a result of such information, but had already been discovered before appellant made the statement and therefore did not come within Art. 727 C. C. P., which permits a confession to be used although made while accused is under arrest if in connection with the confession accused makes statements of facts or circumstances that are found to be true, which conduce to establish guilt—for example—such as the finding of stolen property. It appears from the record that the witness Pricket found eight new shoes at or near the place in the lane which appellant pointed out to the officer. Pricket had taken them to his house. As to the actual recovery of the shoes the sheriff testified:

"I know Mr. Pricket and had a conversation with him while this defendant was present, and recovered the goods from Mr. Pricket. * * * I found Mr. Pricket in proximity to the place or road where Jewell said she threw out the goods, and she showed me the place where she said they threw the goods out of the car."

The facts seem to bring this transaction within the rule announced in Doggett v. State, 38 Tex. Crim. App. 5. It is not necessary that the fruits of the crime be found in the precise place stated by the accused, provided they were traced directly from that place to the locality where found under circumstances showing that they had been moved from where they had been left by accused. Upon the same point see Zumwalt v. State, 5 Tex. Crim. App. 521; Ortez v. State, 68 Tex. Crim. Rep. 524; Allison v. State, 14 Tex. Crim. App. 127. Even if the propriety of admitting the evidence complained of was doubtful it would not under the facts of this case present a serious question. In appellant's written confession which was properly in evidence appears the same statement about throwing the property from the car into the lane.

The written confession of appellant begins with the statement that she and her companions (naming them) left Waco in a car *"which had been stolen."* Appellant objected to that portion of the statement which is italicized on the ground that

the theft of the car in question was a different offense than the one on trial, that the car had been stolen before they left on the trip during which the burglary occurred, and that no connection was shown between the theft of the car and the burglary. If appellant was in any way connected with the theft of the car in which the parties started on their journey it is not shown. The statement complained of only goes to the extent of showing that she had knowledge of the theft. We think it unnecessary to discuss the bill at length. The confession further shows that appellant and her companions went to San Antonio; that it was upon the return trip the burglary in Williamson County occurred; that on account of various mishaps on the road the parties had abandoned at different points three cars and secured others, the inference being plain that all three had been stolen by some of appellant's companions with her knowledge. This being true, we regard it of slight importance that the jury was informed that appellant knew the car in which they left Waco had also been stolen.

The court properly admitted evidence that appellant's general reputation as a peaceable, law-abiding citizen was bad. She placed her reputation in issue by filing an application for suspended sentence. Overby v. State, 92 Tex. Crim. Rep. 172, 242 S. W. 313; Shirley v. State, 93 Tex. Crim. Rep. 573, 248 S. W. 692, and authorities therein collated.

A witness placed on the stand by appellant testified to her good reputation. On cross-examination the state under such circumstances could properly ask the witness if he had not heard of acts on appellant's part inconsistent with the character he was called to prove. Underhill Crim. Ev. (3rd. Ed.), Sec. 82; Johnson v. State, 91 Tex. Crim. Rep. 582, 241 S. W. 484. On cross-examination of appellant's character witness the state propounded the following question:

"Don't you know it is a fact, or that it is a rumor in Waco, that she (referring to appellant) was charged on the first day of October, 1925, with an offense involving moral turpitude, to-wit: vagrancy—on the fifth day of October, 1925, with breaking quarantine from a syphilitic hospital, and on the 26th day of January, 1926, * * * ."

Objection apparently prevented the completion of the question, and the court deeming it improper sustained the objection and directed the jury to disregard it. During argument the District Attorney used this language, "would you turn her loose— a menace to the health of society?" No information is furnished by the bill as to the setting of the language complained of,

but it does appear that promptly upon objection being interposed the court instructed the jury to disregard and not consider the statement. The incidents complained of do not appear to have been so obviously harmful that the prompt action of the court did not cure any error which may have occurred.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In an oral argument and written motion citing many statutes and decisions, counsel for the appellant earnestly insists that the action of the court in overruling his application for a continuance should be considered, notwithstanding there appears in the record no bill of exceptions reserved to the action of the court in refusing to grant the motion. He cites Arts. 667 and 841, C. C. P., 1925; Arts. 2237, 2278, and 2281, R. S., 1925; also Holmes v. Coalson, 178 S. W. 628; Steel v. State, 55 Tex. Crim. Rep. 551.

The proposition that the appellate court cannot review the action of the trial court in overruling an application for a continuance in the absence of a bill of exceptions has not only been repeatedly announced by this court and the Supreme Court of this state, but the decisions rest upon what has heretofore been and is now considered very sound reason. From the opinion of Judge White in the case of Nelson v. State, 1 Tex. Crim. App. 41, we quote:

"The former decisions of our courts, from the earliest days down to the present, make the saving of a bill of exceptions a prerequisite and *sine qua non* to revisory action by the appellate court. Nor is the failure to do so remedied (as in this case) by incorporating the action of the lower court in the judgment rendered. Among the many authorities, the following are cited, viz.: Campion v. Angier, 16 Texas, 93; Parker v. McKelvain, 17 Texas, 159; Cotton v. State, 32 Texas, 640; Bowman v. State, 40 Texas, 8; Jones v. State, 40 Texas, 188; Townsend v. State, 41 Texas, 134; Anderson v. State, 42 Texas, 390; and State v. Williamson, 43 Texas, 500."

From the opinion of Judge Wheeler in the first case cited above by Judge White (Campion v. Angier), the following quotation is taken:

"The correct practice doubtless is, in no case to revise the judgment of the court refusing a continuance, unless the party seeking a reversal on that ground has reserved the point by a

bill of exceptions. It not unfrequently happens that we would be at a loss to discover upon what ground a continuance has been refused, were it not for reasons contained in the bill of exceptions. When called upon to sign a bill of exceptions, the court may state very satisfactory reasons, apparent to the court there, which would not otherwise be made to appear to this court; as, that the evidence sought was, in fact, within the reach of the party (Hall v. York, supra), or there was evidence before the court that the affidavit was not in fact true."

These announcements have been followed in almost innumerable instances, and so far as we are aware, there has been no departure or deviation. See Branch's Ann. Tex. P. C., Sec. 304; Vernon's Tex. Crim. Stats., 1916, Vol. 2, p. 727, note 2, and p. 729, note 5. The overruling of an application for a continuance may be justified upon many grounds which are not apparent upon the motion. An attempt to enumerate all of them would be futile, because they are as variant as the facts developed upon the trial. Illustration may be given as follows: The witness named in the application for a continuance may have appeared during the trial. Whether used as a witness or not, any error in overruling the bill would be cured, but the court, on appeal, would not know it unless a bill of exceptions was taken upon which the trial court might state, by way of explanation or otherwise, the facts which justified or rendered harmless his action. So, the same would be true if in the development of the case the absent testimony was rendered immaterial, cumulative or false. Those matters and countless others would only appear through a bill of exceptions. It would seem unnecessary, however, in a practice well established and to which adherence has been so constant and so long, to argue its soundness. It may be added, however, that the purported absent testimony, as set out in the motion for a continuance, was not, in our opinion, relevant or material.

The motion is overruled.

*Overruled.*