And again in section 899, Id., the same eminent text-writer further says:

"While this power (of pardon) is not inherent in any office and may be lodged whereever the people determine, if once it has been conferred by the constitution (elsewhere) it cannot be exercised by the legislature."

We have no doubt that the act of the Thirty-Ninth Legislature under consideration could be upheld as to all persons offered as witnesses in cases comprehended by the terms of said statute, whose final convictions occurred after the passage of said act, and that in such cases the witnesses would be deemed competent; but being convinced that the objection made in the instant case to the testimony of persons finally convicted of felonies prior to the passage of such act rested upon a sound basis, and that the Legislature by said act was powerless to remove such disabilities theretofore attached, we now hold that, while our former opinion was correct in its reasoning, it did not reach or dispose of the contention of appellant as herein discussed. We therefore hold that the Legislature exceeded its power in so far as said act contained in chapter 13, supra, related to the witnesses herein and those similarly situated. The motion for rehearing must be granted, the affirmance set aside, and the judgment of conviction is now reversed and the cause remanded.

## POENICH v. STATE.   (No. 12088.)

Court of Criminal Appeals of Texas.   Dec. 19, 1928.

Peden & Peden, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.   Conviction for failure to stop and render aid; punishment, confinement in the county jail for a period of 90 days.

The offense charged against this appellant is a felony.   See article 47, P. C.   To give this court jurisdiction of an appeal in a felony case there must be a sentence.   De Laney v. State, 98 Tex. Cr. R. 98, 263 S. W. 1065.   We find in this record no sentence.

We are without jurisdiction to determine the matters involved.   The appeal will be dismissed.

## WILLIAMS v. STATE.   (No. 12085.)

Court of Criminal Appeals of Texas.   Dec. 19, 1928.

B. L. Palmer, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.   Conviction for burglary; punishment, two years in the penitentiary.

Examination of the record discloses that when appellant was arrested and charged with the burglary of the house of Lillian Jones he made a statement to the officers, and then went with the officers and showed them where the alleged burglarized property was secreted.   There is a bill of exceptions taken to the admission in evidence

of the confession setting up that the property taken from the burglarized house had been found by the officers before the confession was made. This bill is approved, with a qualification from which we are informed that by the testimony both of the officer and Lillian Jones it was established that they had found only a part of the stolen property prior to the time the confession was made, and that by means of the information contained in the confession the remainder of the stolen property was discovered. Clearly, under our statute on confessions, article 727, C. C. P., the confession in this case was admissible by reason of the fact that in connection therewith appellant made statements of facts which were found to be true, such as the finding of stolen property. The bill presents no error.

There is another bill complaining of the refusal of the court to charge the law of circumstantial evidence, but the rule is too well settled to need citation of authorities that a confession of the accused is direct testimony, and, when proven, takes the case out of the rule requiring a charge on circumstantial evidence.

No error appearing, the judgment is affirmed.