ROBERT FREEMAN V. THE STATE.

No. 15742. Delivered March 29, 1933.
Reported in 58 S. W. (2d) 835.

290

The opinion states the case.

*Clyde F. Winn* and *V. L. Shurtleff,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment being assessed at four years in the penitentiary.

In the indictment the name of the injured party was alleged to be Estelle Lavurn McCain. She testified that she and appellant had been married, but that she had secured a divorce from him; that he had made threats to kill her if she did not come back to him. Without setting out her testimony in detail, it is sufficient to say that it showed an unprovoked shooting of her by appellant, resulting in the infliction of a serious wound. No one was present when the shooting occurred save the injured party and appellant. His evidence raised the defensive issue that prosecuting witness had the pistol in her possession and that appellant believed she intended to shoot either him or herself; that he seized the pistol to prevent either contingency, and in the struggle for the pistol it was discharged, resulting in the infliction of the wound. The court pertinently submitted this issue in a special charge.

Appellant briefs a complaint based on the overruling of an application for continuance. The point is not preserved by bill of exception, and under the uniform holding of this court the matter may not be considered. Branch's Ann. Tex. P. C., sec. 304; Nelson v. State, 1 Texas App., 41; Nothaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 215; Texas Jurisprudence, vol. 4, sec. 151, p. 211; Turner v. State, 109 Texas Crim. Rep., 301, 4 S. W. (2d) 58.

The principal point arises from the contention that the state failed to prove the name of the injured party as alleged. She testified that her name was "Estelle Laverne McCain," exactly as alleged. This was her maiden name. She also said she and

appellant were married in 1925, and that she obtained a divorce from him in February, 1930. She did not testify that in the divorce proceeding her maiden name was restored. She further testified: "I now go by the name of Estelle Laverne McCain. * * * My name is now Estelle Laverne McCain." She denied that she had lived with appellant after she obtained her divorce. Evidence introduced by appellant showed that the prosecuting witness had, since she claimed to have obtained a divorce, introduced appellant as her husband; that she was known to several witnesses as "Mrs. Freeman," and sent her laundry out under that name, and was known to some witnesses as "Jimmie Freeman." She testified that the divorce suit was styled "Jimmie Freeman v. Robert Freeman," and was filed in Fort Worth. Appellant admitted that he had signed a waiver in a divorce proceeding and mailed it to prosecutrix, and that she had later told him she had obtained a divorce.

As we understand appellant's contention, it seems to be that, in the absence of proof that prosecutrix' maiden name was restored in the divorce proceeding, her name in law by virtue of her marriage would be Estelle Laverne Freeman, and therefore her name as averred in the indictment would not be supported by the proof. Based upon this contention appellant urges that the court should have directed a verdict of acquittal, or at least should have submitted the question of variance to the jury as a fact issue. The charge was excepted to for failure to submit the issue, and a charge upon the subject was requested to the refusal of which appellant excepted. The special charge was as follows:

"If you believe that the name of the prosecuting witness is not Estelle Lavurn McCain, but that her name is Estelle Lavurn Freeman, you will acquit the defendant and say by your verdict 'not guilty.' And if you have a reasonable doubt as to whether her name is Estelle Lavurn McCain, you will acquit the defendant and say by your verdict not guilty."

The court properly declined to instruct a verdict of not guilty, and we are of opinion no error was committed in declining to give the special charge. It was evidently predicated on an announcement in Freeman v. Hawkins, 77 Texas, 498, to the effect that, when a woman marries the law confers on her the surnuame of her husband. The court there was dealing with the question as to whether a party sued under a certain name would be bound by a judgment entered on citation by publication of which suit defendant had no actual knowledge. We think the case has no pertinent application here. If the

special charge had been given it would have furnished predicate for the argument that if prosecutrix had obtained a divorce, but that in the decree there was no order restoring her maiden name, then there would be a variance between her name as proven and as alleged in the indictment, and this in the face of that part of article 401, C. C. P., which provides that when a person necessary to be named in the indictment "is known by two or more names, it shall be sufficient to state either name." In Lister v. State, 1 Texas App., 739, an objection was interposed to proving the name of deceased in a murder prosecution by the deceased's dying declaration as to his name. The remarks of Judge White, who wrote the opinion in that case, seem appropriate under the facts of the present case. He said: "* * * it is most clearly evident that, had the case been one of assault with intent to murder, for instance, and deceased had been sworn as a witness, he would have been competent to testify as to his name, and his testimony as to that fact—a fact most pertinent and most important to the issue to be tried—would have been perhaps more conclusive than if coming from the lips of any other witness; in a word, would have been one of the most certain evidences of that fact. * * *"

The only other bill of exception reflects the following: A witness by the name of Stevenson, who had long been a resident of Stephens county, Texas, testified that appellant's general reputation in Stephens county, where he formerly resided, was good. Appellant then proposed to prove by a deputy sheriff of Gregg county that the reputation of Stevenson was good, and complains because he was not permitted to do so. The bill does not show that Stevenson's reputation was in any way attacked, either directly or in the manner of his cross-examination. The proposal to prove his good reputation seems to have been based on the mere fact that he was a stranger in Gregg county, where the case was being tried. The question seems of little importance under the record. The fact that appellant bore a good reputation was sworn to by a number of witnesses. The state did not undertake in any way to controvert that fact.

We have discovered no error in the record upon which a reversal could be predicated.

The judgment is affirmed.

*Affirmed.*