## C. W. MILLER v. THE STATE.

No. 16346.   Delivered January 31, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1036.

The opinion states the case.

*H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The conviction is for receiving and concealing stolen property; punishment being three years in the penitentiary.

The charge against appellant was that he received from some person to the grand jurors unknown and concealed a Ford V-8 coupe automobile, alleged to be the property of J. T. Her-

rington, and which property had theretofore been acquired by theft from the said Herrington.

Only one bill of exception is brought forward. It complains of the admission in evidence of the testimony of J. N. Davis, a deputy sheriff, who testified as follows: "I had occasion to talk to Charlie Miller while he was over here in jail with reference to an automobile. As to what that conversation was, will say that I had a conversation with him about an automobile; I went over there to the jail and asked Charlie if he knew anything about an automobile being out at his father's place, and he said that he did, and he told me what kind of an automobile it was, said it was a Ford V-8 coupe, and he told me whereabouts it was on his father's place; he said it was in the barn or shed on the end of the barn; he told me how the car got there; he said he put it there; that he drove it there from Dallas, and I asked him if he knew whether the car was stolen in Dallas or Waco; he said the car belonged, he thought, to a doctor in Waco; he didn't know the doctor's name, but he thought it belonged to a doctor in Waco."

Objection to the foregoing testimony was interposed upon the ground that appellant was under arrest and had not been warned, nor the statement reduced to writing as required by article 727, C. C. P. (1925). Said article provides the formalities required generally before a confession made while the accused is in custody may be admitted in evidence, but contains the following exceptions: "* * * Unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

The bill shows that the only previous knowledge Davis had about the car was derived from some boy who had worked for appellant's father and who had told the officer that he (the boy) had seen a car out there "fastened up." The kind of car or its exact whereabouts was not known until Davis got the information from appellant. After having talked to appellant, the officer went to the place and found the car described by appellant at the place indicated. Further investigation developed that the car did in fact belong to a doctor in Waco, he being Dr. J. T. Herrington, and which car had been stolen from in front of his residence by some unknown person.

There is no doubt that appellant made to Davis statements of facts which were found to be true and which conduced to establish his guilt, and also that such statements resulted in recovering the stolen automobile. Nicholson v. State, 91 Texas

Crim. Rep., 383, 239 S. W., 206; Turner v. State, 109 Texas Crim. Rep., 301, 4 S. W. (2d) 58; Williams v. State, 12 S. W. (2d) 208.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The record shows that appellant was indicted and tried under the name of C. W. Miller. There was no suggestion of misnomer. Appellant now claims that there is no evidence showing that C. W. Miller committed the offense charged. His contention is based on the testimony of Mr. Davis, who swore that he talked to "Charlie Miller, the defendant," and further, said witness related facts told him by "Charlie Miller, the defendant," which led to the recovery of the stolen property, and plainly pointed to the person talking to Mr. Davis as the party guilty of taking or receiving the stolen car. We do not think the fact that Mr. Davis in telling what the defendant said to him, referred to the defendant as Charlie Miller, would support any reasonable contention that this defendant C. W. Miller, and the Charlie Miller referred to by Mr. Davis were not one and the same person. We think the contrary plainly appears. In Plumley v. State, 8 Texas App., 530, the accused was indicted as Bud Plumley. He suggested misnomer and had his named inserted in the pleadings as Perry B. Plumley. The jury's verdict found "The defendant, Bud Plumley, guilty," etc. This court held that the insertion of the name Bud Plumley in the verdict did not vitiate it or raise any question as to who was so found guilty by the jury.

The motion for rehearing will be overruled.

*Overruled.*