### W. E. AYERS v. THE STATE

*No. 912. Decided January 13th, 1897.*

**1. Swindling—Drawing a Draft Upon a Bank—Charge**

On a trial for swindling, alleged to have been committed by means of a check or draft drawn by the accused upon a bank, a charge of the court which instructed the jury, that, "the giving of a check upon a bank, is a representation by the maker of the check that he has either funds or credit at such bank to meet such a check," is not the law, and is upon the weight of evidence

**2. Same—Evidence Insufficient.**

The mere drawing and passing a check drawn upon a bank, where there are no representations as to whether the drawer has money or credit at the bank on which the check is drawn, does not constitute swindling; even though he has no funds or credit at said bank.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG, County Judge.

Appeal from a conviction for swindling; penalty, a fine of $25, and two days' imprisonment in the county jail.

The facts in this case, as shown by the record, are briefly these: W. E. Ayers, accompanied by his brother, Roy Ayers, had spent the night at the Hotel Worth, in the city of Fort Worth, leaving the next morning between 8 and 9 o'clock; that after they had left the hotel some time, W. E. Ayers stepped into a business house, obtained a blank check on the State National Bank of Fort Worth, and drew a check payable to the order of Roy Ayers, for the sum of five dollars, and gave it to Roy Ayers, told him to pay out of it their hotel bill, and to keep the balance on what he (appellant) owed Roy Ayers. That this was about the time the banks usually opened in the morning, and near the place where W. E. Ayers was at work, and considerable distance from the Hotel Worth. There is no contention that he told Roy Ayers to take this check to the Hotel Worth; no contention that he was present when the check was cashed by Roy Ayers; and no contention that he authorized the cashing

of this check at the Hotel Worth, by J. W. Bicknell, who was the clerk at the Hotel Worth.

*Miller & Williams*, for appellant

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of swindling, and his punishment assessed at a fine of $25, and two days' confinement in the county jail, and he prosecutes this appeal.    On the trial of the case, the judge charged the jury: "It is not necessary in law that the pretenses used by a person in acquiring property should be in words. There may be sufficient false pretenses in the acts and conduct of the person, without any verbal representations of a fraudulent nature.  The giving of a check upon a bank is a representation by the maker of the check that he has either funds or credit at such bank to meet such a check."   This is not only a charge upon the weight of the testimony, but is not the law.   We have no statute making it an offense for persons to draw à check on a bank with which they have no funds or credit. Our statute on swindling provides that "swindling is the acquisition of any personal or movable property, money, or instrument of writing, conveying or securing a valuable right, by means of some false or deceitful pretense or device or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same." Penal Code, Art. 943.   In Martin v. State, 36 Tex. Crim. Rep., 125, this court used the following language, where the question was as to the validity of the indictment as charging the offense of swindling:  "In our opinion, before a defendant could be convicted of the offense of swindling, there must be a distinct and certain representation of an existing fact, and the indictment must show such certain and distinct representation of the fact, either past or present.   And sometimes it may occur that representations, in order to be rendered certain and distinct, should be accompanied by appropriate innuendoes."   In that case the representation upon which the swindling was predicated was to the effect that, in connection with the delivery of the draft, appellant stated to payee that he would have no trouble in getting his money; and we held in that case that even this language was not equivalent to representing that he (appellant) then had money in said bank, or that he was authorized to draw against it.   The charge in this case was clearly erroneous. Without such a charge, unquestionably the appellant would not have been convicted; for, when we look to the evidence, all that appellant did was to draw a check for five dollars against the State National Bank of Ft. Worth and sign it.   He gave this check to his brother, and his brother presented it to the cashier of the Hotel Worth, and he cashed it; that is, he received, as a part consideration, the payment of the hotel bill incurred by himself and appellant, and the balance, of $1.70, in money.   He made no representations whatever to the cashier at the

hotel, Mr. J. W. Bicknell. His brother (appellant) was not present at the time, and, of course, made no representations in regard to the check —whether he had funds in the bank or credit there. Under such a state of case, there was no violation of any law, and the conviction for swindling could not be sustained. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*