R. E. BLACKWELL v. THE STATE.

No. 1590. Decided June 21, 1899.

**Swindling—Drawing Check on Bank.**

It is not a violation of law simply to give a check upon a bank where a party has no money. There must be some false or deceitful means and method resorted to, such as representing that the party has money in the bank, or that the check will necessarily be cashed, or something of the kind, to constitute the offense of swindling.

APPEAL from the County Court of Tom Green. Tried below before Hon. T. C. WYNN, County Judge.

Appeal from a conviction of swindling; penalty, a fine of $100 and one day's imprisonment in the county jail.

The opinion states the case.

No briefs for either party have come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for swindling C. W. Zenker out of the sum of $20, and his punishment assessed at one day's imprisonment in the county jail and a fine of $100. The charging part of the information is, in substance, as follows: That R. E. Blackwell, by means of false pretenses and devices and fraudulent representations, then and there knowingly and fraudulently made by him to Will Hennersdorf, agent and employe for C. W. Zenker, did induce the said Hennersdorf to deliver to said Blackwell, by the means aforesaid, the sum of $20, in lawful money of the United States, upon the representation that he, the said Blackwell, had money in the San Angelo National Bank of San Angelo, Texas, and wanted a San Angelo National Bank check, which said Hennersdorf gave to said Blackwell; and the information then goes on and states that said Blackwell gave the said party a check on said bank for $20, when in truth and in fact he did not have any money in said bank, and that the said sum of $20 was delivered to said Blackwell upon said false and fraudulent pretenses, etc. In the above we have only stated the substance of the information. However, the information and com-

plaint are in due form. On the trial, the witness Will Hennersdorf, who is the main prosecuting witness, instead of testifying to the facts set out in the complaint and information, in his testimony, among other things, states: "If the defendant told me at that time when I cashed the check that he had any money in the bank on which it was drawn, I do not remember it." And further he stated: "No, I do not remember having cashed the check on the representations of the defendant that he had any money in the bank, for I do not remember that he made any representation to that effect, but cashed it on the check, believing it to be good. I thought from defendant's statement about having cattle at the depot that he was a cattleman, and supposed his check was good. I do not remember any statement he made, other than his statement about having cattle at the depot." We find no statement in the record controverting the testimony of the main prosecuting witness. There is no evidence in the record to support the verdict. It is not a violation of the law simply to give a check on a bank where a party has no money; but there must be some false and deceitful means and method resorted to at the time the party obtains the money upon the check, such as representing that the party has money in the bank, or that the check will necessarily be cashed, or something of this kind. Ayers v. State, 37 Texas Crim. Rep., 1; Martin v. State, 36 Texas Crim. Rep., 125. No evidence appearing in the record to support the verdict, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*