F. B. Martin v. The State.

No. 6489.   Decided December 7, 1921.

Rehearing Denied June, 1922.

**1.—Embezzlement—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the alleged error in overruling the application for continuance will not be considered on appeal; besides, when considered it shows no diligence.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence being sufficient to support the conviction, there was no reversible error.

Appeal from the County Court of Gregg. Tried below before the Honorable W. A. Ray.

Appeal from a conviction of embezzlement; penalty, one hour confinement in the county jail.

The opinion states the case.

*F. B. Martin*, in person, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of embezzlement, and the punishment assessed at one hour in jail.

The information alleged that appellant was atorney for L. N. Key, and that as such attorney eleven dollars and thirty-two cents had come into his possession, and that he had embezzled same.

An application for continuance was filed by appellant on account of the absence of one J. D. Jackstone, which the court overruled. This is assigned as error in motion for new trial, but no bill of exceptions appears in the record saving the point. ''In the absence of a proper bill of exceptions, the supposed error in overruling an application for continuance will not be revised on appeal, and a recital in the judgment that defendant excepted, or a complaint in the motion for new trial is not a bill of exceptions.'' (Branch's Anno. P. C. Vol. 1, page 183, Section 304, and authorities collated.) Even if the application could be considered, it is deficient in not showing diligence. It avers that the witness resides in Oklahoma; that appellant wrote him to be in attendance upon the court as a witness. No effort appears to have been made to have his deposition taken.

Complaint is made that the evidence does not support the conviction. The State's evidence is ample for that purpose. Appellant's testimony presented a theory to the jury upon which they might have released him. As it was their province to do, they decided the issue of fact against him.

The judgment of the trial court is affirmed.

*Affirmed.*