Finding no error in the record, the judgment is affirmed.

---

## PINKSTON v. STATE.   (No. 6968.)

(Court of Criminal Appeals of Texas.   May 10, 1922.)

1. **Homicide ⬅162—Evidence of common purpose to kill deceased admissible.**

In a prosecution for murder, evidence of declarations of accused and his companions made a few moments antecedent to the homicide were admissible as tending to show that accused and his companions were acting together in their preparation to kill deceased, with a common purpose.

2. **Criminal law ⬅364(4)—Homicide ⬅174 (7)—Evidence of flight admissible as res gestæ.**

In a prosecution for murder, evidence that after the homicide, the parties fled was admissible as part of the res gestæ, and under the rule declaring evidence of flight relevant.

3. **Criminal law ⬅595(1)—Application for continuance to secure evidence of threat without merit.**

In a prosecution for murder, a continuance to obtain testimony of a witness, by whom it was expected to prove threats made by deceased against the accused, was properly denied, where deceased was unarmed, and made no demonstration rendering the evidence of threat relevant.

4. **Criminal law ⬅1090(7)—Discretion of trial court in denying continuance not reviewable in absence of bill of exceptions.**

In the absence of a bill of exceptions, the discretion of the trial court in overruling an application for continuance cannot be reviewed on appeal.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

---

Harry Pinkston was convicted of murder, and he appeals. Affirmed.

McLean, Scott & McLean and Sam R. Sayers, all of Fort Worth, for appellant.

Jesse M. Brown, Cr. Dist. Atty., of Fort Worth, and R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The appeal is from a judgment condemning appellant to confinement in the penitentiary for a period of 25 years for the offense of murder.

The acts and declarations of the appellant and his three companions at the time of the tragedy, as well as immediately antecedent and subsequent thereto, were described by eyewitnesses. From this testimony it appears directly that about 15 minutes before the fatal shots were fired the appellant and his companions were making inquiry for the deceased, and circumstantially it appears that they were searching for him, and that, after locating him, each being armed with a pistol, they attacked him and shot him to death.

Four bills of exceptions are found in the record. In one of them complaint is made of the receipt in evidence of the declarations of the appellant and those of his companions made in his presence a few moments antecedent to the homicide. One of these bills is directed against the receipt of evidence that the appellant and his brother and two other persons who took part in the homicide were seen together a few moments before the homicide. Another is directed against a part of the conversation which took place between them and the witness Irwin. In this conversation, the appellant asked the witness, "What was I talking about the crowd?" whereupon appellant's brother drew his pistol, and the witness said, "I beg your pardon." Appellant then told his brother to come on.

In another bill the objection is addressed to the receipt of evidence that the appellant, in company with his companions mentioned, inquired of another person in the presence of the witness Irwin of the whereabouts of the deceased. All of these matters took place a few moments antecedent to the homicide. Following them the appellant and his companions rushed into the alley as the deceased was about to come out of it and fired a number of shots, two of which took effect, resulting in the death of the deceased.

[1] As we understand the record, at the time the matters complained of took place the appellant and his companions were acting together in their preparation to kill the deceased. Apparently the pistol exhibited by the brother of the appellant was used in committing the homicide, all of the parties acting together with a common purpose. We are aware of no principle of evidence requiring the exclusion of the testimony.

"Declarations of the accused previous to the homicide are relevant to the issue where they tend to explain his conduct, or they form a part of the transaction, although they are not shown to have any direct connection with the homicide. Declarations of third persons prior to the homicide are relevant where they are connected with the crime." 2 Wharton's Crim. Ev. § 920.

See, also, Stanley v. State (Tex. Cr. App.) 44 S. W. 519; Jeffries v. State. 9 Tex. App. 598.

"Contemporaneous circumstances which tend to throw light on the homicide, or are a part of facts that are continuous in their nature, and have a connection with the homicide, are relevant on the prosecution." 2 Wharton's Crim. Ev. § 921.

Under these rules we think there was no error in the refusal to exclude the testimony in question.

[2] The remaining bill complains of the proof that after the homicide the parties fled. We fail to discern any merit in this contention. The evidence was a part of the res gestæ, and, moreover, it is admissible under the well-known rule declaring evidence of flight relevant. Blake v. State, 3 Tex. App. 586, and other cases collated in Branch's Ann. Tex. Penal Code, § 135.

We find no complaint of the manner in which the issues were submitted to the jury in the charge of the court.

[3] A motion for continuance was made to obtain the testimony of a witness by whom it was expected to prove threats made by the deceased against the appellant. The indictment was returned on October 25th, while appellant was under arrest. His case was twice postponed, and finally tried on the 16th of December. Process for the witness was issued upon the 13th of December. Appellant was represented by attorneys throughout. The motion for new trial was supported by no affidavit of the witness. No bill of exceptions was reserved to the action of the court in refusing to continue. The record is affirmative to the effect that the deceased was unarmed, and made no demonstration rendering the evidence of threat relevant. Irwin v. State, 43 Tex. Cr. R. 241; Highsmith v. State, 41 Tex. Cr. R. 32, 50 S. W. 723, 51 S. W. 919; Wright v. State, 40 Tex. Cr. R. 449, 50 S. W. 940.

[4] The diligence is insufficient. The application appears without merit. If the contrary were true, in the absence of bill of exceptions the discretion of the trial court in overruling the application cannot be reviewed upon appeal. Nelson v. State, 1 Tex. App. 44; and other cases collated in Branch's Ann. Texas Penal Code, § 304.

From what has been said it follows that the judgment must be affirmed; and it is so ordered.