### B. B. Kellum v. The State.

#### No. 6990. Decided May 17, 1922.

**Burglary—Defendant's Failure to Testify—Misconduct of Jury—Attorney and Client.**

Where it was not shown when the discussion among the jurors took place, whether before or after they had agreed upon the verdict, there was no reversible error, and affidavits which were made before the appellant's attorney could not be considered.

Appeal from the District Court of Wise. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Roberson & Lopp,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Wise County of burglary, and his punishment fixed at confinement in the penitentiary for a period of two years.

There appears in the record no bills of exception taken either to the charge of the court, or to the introduction or rejection of any evidence. The only complaint that appears to be made here on behalf of the accused is of the fact that the jury while in their retirement discussed appellant's failure to testify. The motion for new trial setting up this alleged misconduct of the jury is not sworn to by appellant or any one for him, nor does it appear that any evidence was introduced upon the hearing of said motion for new trial in the court below. Attached to said motion appears what purports to be an affidavit of one of the jurors who tried the case. Same is not in condition to be considered by us for the reason that it is made before appellant's attorney. Testard v. Butler, 20 Texas Civil App. 106; Rice v. Ward, 56 S. W. Rep. 747; Maples v. State, 60 Texas Crim. Rep. 171. Many other authorities might be cited in which this

court has held that an affidavit taken before the attorney for the appellant cannot be considered by us.

If said affidavit was in condition to be considered, same would be insufficient to present error as there is no statement therein as to when the reference was made to the failure of the defendant to testify. It has been held by this court that if the jury had already agreed upon their verdict before such reference was made, that this would not constitute any error, and we have held that the affidavits appended to the motion for new trial, or the testimony introduced before the court on the hearing, must not only show what was said and that it was said while the jury were in their retirement, but it must be further shown that it was at a time and in a manner where it would appear to have in some manner affected the verdict.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*