LOUISE SIEBE v. THE STATE.

No. 6692.    Decided November 15, 1922.

1.—Adultery—Sufficiency of the Evidence.

Where, upon trial of adultery the evidence is sufficient to sustain the conviction, there is no reversible error.  -

2.—Same—Motive—Assisting Paramour in Divorce Suit.

Where, upon trial of adultery the evidence shows that the paramour brought suit for divorce and that the defendant paid part of the attorney's fees for bringing said suit, the same was admissible.

3.—Same—Argument of Counsel—Bill of Exceptions.

In the absence of a showing how the language of the State's attorney was objectionable, and of a requested charge to withdraw same, the matter cannot be reviewed.

4.—Same—Witness under Rule—Discretion of Court.

Where it appeared from the bill of exceptions that the witness had only been in the courtroom about five minutes when called to the witness stand, and stated that she had heard none of the evidence there was no abuse of discretion on the part of the court to permit her to testify.

5.—Same—Newly Discovered Evidence—Attorney and Client.

Where the motion for a new trial and the affidavit attached thereto were sworn to before appellant's attorney the same could not be considered on appeal.    Following Steele v. State, 87 Texas Crim. Rep., 588.

Appeal from the County Court of Harris.    Tried below before the Hon. Roy F. Campbell.

Appeal from a conviction of adultery; penalty, a fine of $500.

The opinion states the case.

*Jack Ciulla,* for appellant.—On question of argument of counsel; Brailsford v. State, 158 S. W. Rep., 541; Johnson v. State, 138 id., 1021.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKIN, Judge.—Conviction is for adultery, punishment being a fine of $500.

We do not detail the evidence. It was conflicting and presented an issue purely for the jury. They evidently accepted the testimony of the State's witnesses as reflecting the truth of the matter, and this evidence being sufficient to support the judgment, we would not feel authorized to set it aside.

The charge against appellant was for adultery with Mrs. Gadke. She had sued for divorce which was tried before Judge Ewing Boyd. Upon trial of the instant case Judge Boyd permitted to testify over objection that appellant admitted upon the trial of the divorce case that he had paid part of her attorney's fee in that case. This testimony was admissible.

During argument of the prosecuting attorney he used the following language, which was objected to: "No wonder why men and organizations take the laws into their own hands, because juries fail to convict in this county." The bill only sets out the language complained of. It does not show in what connection it was used. It might, or might not, present a matter which we would regard as calling for reversal; but in the absence of more information than we have from the bill before us we cannot presume such to be true, especially in the absence of a request that the jury be instructed to disregard the language.

We find no abuse of discretion in the trial court permitting Mrs. Burley to testify after the witnesses had been placed under the rule. It appears from the bill that she had only been in the courtroom about five minutes when called to the witness stand, and said she had heard none of the evidence.

Appellant's motion for new trial, among other grounds set up newly discovered evidence. The motion itself, and the affidavit attached thereto, are sworn to before appellant's attorney, and therefore cannot be considered. (See authorities collated under Article 840, Vernon's C. C. P., note 10, also Steele v. State, 87 Texas Crim. Rep., 588, 223 S. W. Rep., 473; Kellum v. State, 91 Texas Crim. Rep., 272, 240 S. W. Rep., 1109.)

Finding no errors for which the case should be reversed the judgment is affirmed.

*Affirmed.*