## VIRGIL MILLER v. THE STATE.

### No. 7288.   Decided December 13, 1922.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence was sufficient to support the conviction, there is no reversible error.

**2.—Same—Continuance—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions to the action of the court in over-ruling an application for continuance the same cannot be considered on appeal. Following Nelson v. State, 1 Texas Crim. App., 44, and other cases; besides, if the application were considered it was properly overruled for want of diligence, and besides no supporting affidavit of witness to motion for a new trial.

Appeal from the District Court of Anderson. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of rape by force; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for rape; punishment fixed at confinement in the penitentiary for a period of fifteen years.

A statement of the evidence is deemed unnecessary, suffice it to say that it is quite sufficient to support the verdict.

A motion for a continuance was made but no bill of exceptions was reserved to the action of the court in overruling it. This precludes a consideration of the application as an independent ground for reversal. Nelson v. State, 1 Texas Crim. App., 44; Grant v. State, 3 Texas Crim. App., 2; and other cases listed in Branch's Ann. Tex. Penal Code, Sec. 304. If the action of the court in refusing the continuance be considered in connection with the motion for new trial, it is apparent from the record that the motion to continue was properly overruled.

The appellant was indicted on the 14th day of May, 1920, and was

soon after arrested and released on bail. His case was set for trial on the 13th day of June, 1920, and then re-set for the 30th of that month. He failed to appear for trial, but instead disappeared. He was re-arrested on June 1, 1922. His trial was set for the 15th day of that month. No process was applied for until the 14th of that month. The absent witness resided in another county. Process was not served. The affidavit of the witness, to the effect that he would not give the testimony set out in the motion to continue, is attached to the State's contest of the motion for new trial.

The judgment is affirmed.

*Affirmed.*