### Alfred Gibbs v. The State.

No. 9034. Delivered February 4, 1924.

**1.—Assault to Murder—Cross-Examination of Accused.**

Where on a trial for an assault to murder, the accused testifies in his own defense, it is permissible for the State on cross-examination to go into the motive of the accused in making the attack. Where a question asked is answered by the accused in the negative, no injury is done by the mere propounding of the question.

**2.—Same—Continuance—Counsel Cannot Swear Witness to Affidavit.**

Where a new trial is sought on the grounds of newly discovered evidence, it has been held many times that the affidavit of such witness cannot be taken by appellant's attorney. See Kellum v. State, 91 Tex. Crim. Rep. 664 and cases cited.

**3.—Same—Newly Discovered Evidence—Lack of Diligence.**

As grounds for a new trial, appellant set out the newly discovered evidence of his brother, but no diligence is shown by him, for not discovering this evidence before the trial. He avers in the motion that he inquired diligently into all the facts known to him. This is an entirely insufficient statement upon the point of diligence to excuse a party from the non-discovery of evidence. The new trial was properly refused.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for an assault to murder; penalty, two years in the penitentiary.

The opinion states the case.

*F. O. Fuller*, of Houston, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for assault with intent to murder R. W. Nix, punishment being two years in the penitentiary.

The testimony of Nix is to the effect that on the night the assault was committed he was some three or four miles from Houston,

sitting in his car by the roadside with a young lady by the name of Miss Gordon; that without any warning whatever, appellant attacked him with a knife while he was sitting in the car and cut him in a number of places; that the door of his car was open and in the scuffle he got out and knocked appellant loose after which he ran away. Nix immediately went to a sanitarium, where his wounds were dressed. He then secured an officer and returned to the spot where the assault occurred. In an examination of his car there was found upon the seat the broken blade of a knife which was later found to fit exactly the handle of one found in appellant's possession. Appellant's version of the matter is that he had gone to see his wife; that she was away from home; that on the way back to the city he heard her talking. He asserts that she and not Miss Gordon was the female in the car with Nix; that when he approached the car and asked Nix what he was doing there with his wife, Nix got out of the car and began an attack on him, and that in cutting Nix appellant was acting in self-defense. Nix is a white man, and appellant a negro. The evidence develops that appellant's wife is almost white.

The charge seems to have presented every issue arising from the defensive evidence and must have been satisfactory to appellant as no objections were made thereto.

During the cross-examination of the appellant the district attorney asked him if he had not undertaken to cut Nix's throat in order that he might have an opportunity to rape the woman who was with him, and if this purpose was not in his mind at the time the assault was made by him upon Nix. These questions were answered in the negative, but over objection. We perceive no error in the ruling of this court in this respect. If the assault was committed as testified to by Nix, it would appear to have been an unprovoked attack by appellant. The motive which prompted the attack was a pertinent inquiry by the State.

Among other grounds set up by appellant in his motion for new trial was that of newly discovered evidence from his brother, one Manual Gibbs. The affidavit of the brother is attached to the motion. The point is made by the State that it is sworn to before appellant's attorney, and therefore, is not entitled to consideration. This ground of the motion was controverted by the State challenging the diligence in discovering such evidence, if it in fact existed. The only diligence set up in the motion is that appellant "inquired diligently into all the facts known to him." This is an entirely insufficient statement upon the point of diligence to excuse a party from the non-discovery of evidence. It is purely a conclusion and states nothing that was done. If the matters stated by the brother of appellant in his affidavit are true the slightest diligence by appellant would have discovered them. It has been held many

times that affidavits can not be considered when taken by appellant's attorney. Kellum v. State, 91 Texas Crim. Rep., 664, 240 S. W. Rep., 1109; Siebe v. State, 92 Texas Crim. Rep., 605, 244 S. W. Rep., 1013, and authorities cited therein.

Finding no error in the record the judgment is affirmed.

*Affirmed.*