### L. C. McINTYRE v. THE STATE.

No. 9218. Delivered March 11, 1925.

**Violating Liquor Law—Reforming—Judgment.**

No statement of facts nor bills of exception appearing in the record, the cause must be affirmed, but it appearing that the judgment and sentence of the court are for a definite period of three years, and not in conformity with our indeterminate sentence law, it is reformed and corrected so as to assess the punishment for a period of not less than one nor more than three years.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of possessing equipment for the manufacture of intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE JUDGE—Appellant was convicted in the Criminal District Court of Tarrant County of possessing equipment for the manufacture of intoxicating liquor, and his punishment fixed at three years in the penitentiary.

The record is before us without any statement of facts or bills of exception. There was an application for a continuance but its refusal is not complained of by any bill of exceptions, and in this condition of the record it has been uniformly held that we can not consider same. In the absence of a statement of facts it would be impossible for us to ascertain or determine the materiality of the absent testimony. Our attention is attracted by the facts that the judgment and sentence of the court are for a definite period of three years. This is not in conformity with the directions of our indeterminate sentence law, and the judgment and sentence will now be reformed and corrected so as to assess the punishment of appellant in the judgment and direct that it be administered in the sentence for a period of not less than one nor more than three years.

As reformed, the judgment will be affirmed.

*Affirmed.*