### Ex parte TURNER. (No. 10919.)

Court of Criminal Appeals of Texas. Feb. 1, 1928.

Affidavits ⬡⟾5—Application for habeas corpus, sworn to before applicant's attorney, held subject to dismissal.

Application for habeas corpus, sworn to by applicant before his attorney, was required to be dismissed as not properly sworn to.

Original application by Le Roy Turner for writ of habeas corpus to secure petitioner's discharge from the custody of the Superintendent of the County Farm of Smith County under a commitment issued by the county judge. Application dismissed.

Alex P. Pope, of Tyler, for appellant.
Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. By an original application a writ of habeas corpus is sought for the purpose of relieving applicant from restraint by the superintendent of the county farm of Smith county, where he is held by virtue of a commitment issued by the county judge of said county.

We are met at the threshold of our consideration of the application by the fact that same is sworn to before the attorney for the applicant. This court uniformly declines to

give validity to affidavits made before the attorney for such affiants. Maples v. State, 60 Tex. Cr. R. 171, 131 S. W. 567; Garza v. State, 65 Tex. Cr. R. 476, 145 S. W. 591; Hogan v. State, 66 Tex. Cr. R. 498, 147 S. W. 871; Burnett v. State, 73 Tex. Cr. R. 477, 165 S. W. 581; Hicks v. State, 75 Tex. Cr. R. 461, 171 S. W. 755; Sanford v. State, 79 Tex. Cr. R. 346, 185 S. W. 22; Steele v. State, 87 Tex. Cr. R. 588, 223 S. W. 473; Gibbs v. State, 99 Tex. Cr. R. 186, 268 S. W. 736; Garner v. State, 100 Tex. Cr. R. 626, 272 S. W. 167.

The application, not being properly sworn to, will be dismissed, and it is accordingly so ordered.