## JESS JONES v. THE STATE.

No. 11496.   Delivered April 4, 1928.
On motion to reinstate, delivered May 30, 1928.
On rehearing delivered October 10, 1928.

The opinion states the case.

*W. J. Oxford* of Stephensville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The State, through its counsel, has moved to dismiss the appeal for the want of a recognizance as required by law. The jurisdiction of this court to review the action of the trial court where the accused is not in jail is dependent upon a recognizance, the requisites, as well as the form, of which are set forth in Article 817, C. C. P., 1925. One of the essentials is that the recognizance state that the accused has been "convicted of a felony." In the present case, there is a failure to comply with this requirement, and under the circumstances, a dismisssal of the appeal is necessary. The law formerly required that the offense be named. See Art. 903, C. C. P., 1911; Vernon's Tex. Crim. Stat., 1916, Vol. 2, p. 873. In the statutes of 1925, the name of the offense seems unnecessary, but if it is a felony, it must be so stated.

The appeal will be dismissed with permission to correct the fault in the recognizance under Art. 835, C. C. P., 1925. Upon such correction and notice thereof to this court within fifteen days from the issuance of the mandate, the appeal will be reinstated.

*Dismissed.*

## ON MOTION TO REINSTATE THE APPEAL.

MORROW, PRESIDING JUDGE.—The appeal is reinstated upon the motion of the appellant, accompanied by sufficient bond.

The State's testimony is in substance this: An automobile occupied by the appellant and Luke Cox was driven in the sight of the officers for some distance and stopped at a pool of water on the premises of Mr. Rice. One of the parties hollered to Rice and asked if they could get some water. Instead of getting water, they proceeded to empty a number of gallons of whisky on the ground and into the water. They were apprehended while in the act of emptying the cans of whisky. The appellant was engaged in that enterprise. The whisky was in ten-gallon cans, and in the car were a number of empty fruit jars. The car belonged to the appellant.

The court defined possession and that whisky was a known intoxicant. He also charged the substance of Art. 671, P. C., 1925, making the possession of more than one quart of intoxicating liquor prima facie evidence of its possession for the purpose of sale. Objections of a very general nature were addressed to the verbiage of the charge upon the subjects mentioned, but a discussion of them in

detail is not deemed necessary. Suffice it to say that none of the objections are regarded as tenable. There are no bills of exceptions complaining of the rulings of the court save the criticism to the charge mentioned. In the motion for new trial there are some complaints of the refusal to receive evidence, but in the absence of bills of exceptions preserved to the rulings of the court, complaints of the receipt or rejection of evidence cannot be reviewed. The motion for new trial cannot be made a substitute for a bill of exceptions. See Vernon's Tex. Ann. C. C. P., 1925, Vol. 2, p. 362, Art. 667, note 22; Anderson v. State, 95 Tex. Crim. Rep. 346, and other cases collated. The evidence is quite sufficient, we think, to support the finding of the jury that the liquid was whisky.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The sheriff and a deputy sheriff both testified for the State that appellant had a large quantity of whisky in his car when he drove up to where they arrested him. They also swore that when appellant saw them he began to empty the liquor out, and when one of them dipped up some of it in a container appellant kicked it over. The facts amply support the verdict of guilty for transporting intoxicating liquor. No bills of exception to the introduction of testimony appear. We do not think the charge open to the exceptions taken, and the motion for rehearing will be overruled.

*Overruled.*