RAYMOND BODOSKY v. THE STATE.

No. 11834.   Delivered October 24, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Joe P. Cox* and *George Hines* of Sherman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

Judgment of conviction was entered on the 14th day of December, 1927. On the 21st day of December appellant by leave of the court filed an amended motion for new trial. If any order was ever entered by the court overruling the motion it does not appear of record in the transcript before us save by the recitals in a bill of exception to the effect that appellant excepted to the court's action in overruling the motion. It is not shown in said bill nor in the judgment nor sentence that appellant ever gave notice of appeal to this court. In the absence of such notice this court acquires no jurisdiction of the case. (See Art. 827, C. C. P. and the many authorities cited in Note 2, under said article in Vernon's C. C. P., Vol. 3, p. 197.) The appeal must be dismissed.

*Dismissed.*

ON MOTION TO REINSTATE THE APPEAL.

HAWKINS, JUDGE.—At a former day of the term the appeal was dismissed because the record then before us failed to show that any notice of appeal was given. Appellant, in connection with his motion to re-instate the appeal has filed a supplemental transcript which shows that notice of appeal was in fact entered but was inadvertently omitted from the transcript. The appeal is re-instated and the case will now be considered on its merits.

Only one bill of exception appears in the record. It complains at the order of the court in overruling the motion for new trial and attempts to bring forward by the motion matters which should be presented by bill of exception reserving complaint at rulings of the court during the trial. It has been held many times that such matters cannot be brought forward simply by setting up complaint in motion for new trial. (See Jones v. State, 9 S. W. (2d) 347, and authorities cited.)

One of appellant's chief complaints as indicated by his motion for new trial appears to be that the court declined to grant an application for continuance or postponement. Such application—if presented— is not brought forward by a separate bill, and is not even incorporated in the motion for new trial. In the absence of a bill of exception which incorporates the application for delay this court must assume that the trial court's action in overruling the request was correct. Martin v. State, 92 Tex. Cr. R. 124, 242 S. W. 234; Miller v. State, 93 Tex. Cr. R. 183, 246 S. W. 87; Turner v. State, 4 S. W. (2d) 58. See also Branch's Ann. Tex. P. C., Sec. 304.

Appellant attaches to his motion for new trial affidavit of several witnesses whose evidence would have been admissible as impeaching the prosecuting witness on the issue of veracity, but nowhere in the motion for new trial is it averred that these witnesses had been "newly discovered," or that the other impeaching evidence suggested had only been discovered since appellant's trial. Ordinarily a reversal will not be ordered for impeaching evidence, even though it be "newly discovered." (See Branch's Ann. Tex. P. C., Sec. 202, for collation of authorities.)

We also observe that the affidavits attached to appellant's motion seem to have been taken before one of the attorneys who appears of record as representing appellant. Scott v. State, 65 Tex. Cr. R. 40, 143 S. W. 610; Kellum v. State, 91 Tex. Cr. R. 664, 240 S. W. 1109; Siebe v. State, 92 Tex. Cr. R. 605, 244 S. W. 1013; Gibbs v.

State, 99 Tex. Cr. R. 186, 268 S. W. 736; Branch's Ann. Tex. P. C., Sec. 194.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges upon his motion for rehearing that he should have his case reversed in order that he might have opportunity of procuring and introducing testimony reflecting on the character of the prosecuting witness. As said in our original opinion, it was not and is not contended that such evidence was newly discovered. In truth it appears from the statement of facts that the prosecuting witness herein was asked by appellant's counsel about all these matters upon the trial, and denied them,—or claimed that he knew nothing of them. We fear the consequences would be grave and far reaching if this court laid down any such rule as appellant seeks in this case. One accused of crime might then go to trial at any time and under any sort of condition of unpreparedness, and upon motion for new trial make showing that there was evidence known to him and those representing him at the time of such trial, and which he had made no effort to legally secure,—and upon authority of this precedent demand a new trial; and if one new trial, why not another, and on and on. Orderly procedure and the due administration of justice by the courts would be greatly impeded by such course. We regret that we must hold appellant's motion for rehearing without merit. Same is overruled.

*Overruled.*