CARL WALLACE v. THE STATE.

No. 12237.   Delivered February 6, 1929.
Rehearing denied March 20, 1929.

The opinion states the case.

*J. S. Kendall* of Munday, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for rape, punishment being fifty years in the penitentiary.

We find no necessity for setting out the evidence in detail.   The facts make a complete case of guilt.   Appellant's confession left little, if anything, to be supplemented by the other testimony.

There are no bills of exception in the record.   In his motion for new trial appellant complains, among other things, because his application for continuance was not granted. · The application is before us by supplemental transcript.   It has many times been held that the refusal of a continuance will not be reviewed in the absence of a bill of exception bringing the matter forward.   For collation of authorities see Sec. 304, Branch's Ann. Tex. P. C.   Among later cases upon the same subject will be found Martin v. State, 92 Tex. Cr. R. 124, 242 S. W. 234; Miller v. State, 93 Tex. Cr. R. 163, 246 S. W. 87; Turner v. State, 4 S. W. (2d) 58.

Another ground of the motion for new trial avers that error was committed by the trial court in permitting appellant's wife to testify

508

to incriminating facts against him. We find no bill bringing any such complaint forward. Some other questions are suggested in appellant's brief but they likewise are not properly before us.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

.LATTIMORE, JUDGE.—In order that the accused may plead to the indictment, and his identity be fixed, it is provided in Arts. 491–2–3 of our C. C. P. that after the lapse of two entire days after service of a copy of the indictment, or when same is waived, the accused shall be arraigned. Nothing in our law undertakes to say when such arraignment shall take place, save that it *can not* legally take place until two entire days have passed after service of copy of the indictment, as fixed by the terms of Art. 493, supra.

From the record in this case we learn that the arraignment was had on August 17th, which was two entire days after service of a copy of the indictment upon appellant. In argument it is urged that the trial court appointed an attorney—this being a capital case— before arraignment, and it is insisted that this violated the provisions of Art. 494 C. C. P., wherein it is provided that when arraigned, if it appear that accused has no counsel, and is too poor to employ one, the court shall appoint one. Such appointment is an act of grace on the part of the State, and it being a matter of human experience that the longer the time allowed to prepare a case for trial, the better,— it appears not a matter for complaint but commendation, that counsel was appointed before the arraignment and was thus given longer time to get ready to properly represent the accused.

We are not able to accept the views of learned counsel for appellant that the court below has no power to make such appointment before the day of arraignment. Under many decisions the time of arraignment is held to be not so fixed by statute as that failure to arraign at once after the two days' service of a copy of the indictment, would be reversible error.

We again say that the objections to the refusal of a continuance, to the character of cross-examination of appellant's wife, and to complaints of procedure in other matters, can not be reviewed by us in the absence of bills of exception. There are no bills of exception in this record.

The motion for rehearing will be overruled.

*Overruled.*