FRANK O'LEARY alias ALBERT MARTIN v. THE STATE.

No. 12126. Delivered February 20, 1929.

The opinion states the case.

No·brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being 99 years in the penitentiary.

Appellant was indicted under the name of Albert Martin, but suggested in open court that his true name was Frank O'Leary, whereupon the indictment was amended to conform to the suggestion. Art. 496, C. C. P.

One night in February, 1928, a man entered a drug store operated by J. E. Bentley in the city of Dallas and by the use of two pistols robbed Bentley of more than one hundred dollars. Upon the trial Appellant was positively identified by a number of people as the robber.

Appellant filed an application for postponement averring therein that he was in Kansas City, Missouri, at the time of the robbery in Dallas and asked for time to take the depositions of a number of named witnesses by whom he said proof of his presence in Kansas City at the time in question could be made. The application was denied. This action of the court was made the subject of complaint in the motion for new trial attached to which were the affidavits of a number of the Kansas City witnesses supporting the averments in the application. A serious question might be presented if complaint at the denial of postponement had been brought forward by bill of exception, but none is found in the record. It has been the long and consistent holding of this court that the action of the lower court in refusing a postponement or continuance would not be reviewed unless brought forward by bill of exception, and that it is not sufficient to complain of such action in the motion for new trial. The reasons for this holding appear in many of the cases dealing with the subject and it is not necessary to elaborate again Many cases are collated under Sec. 304, Branch's Ann. Tex. P. C., beginning with Nelson v. State, 1 Tex. Cr. App. 41. Recent cases are Turner v. State, 4 S. W. (2d) 58; Miller v. State, 93 Tex. Cr. Rep. 163, 246 S. W. 87.

The judgment is affirmed.

*Affirmed.*