FRED L. YOUNG v. THE STATE.

No. 15497.   Delivered May 10, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 776.

The opinion states the case.

*Carl E. Ratliff,* of Levelland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for burglary; penalty assessed at confinement in the penitentiary for two years.

The breaking and entry of a building used as a grocery store, belonging to W. T. Hanes and Alton Hanes and serviced by Mr. Hawk, a clerk, is the subject of the prosecution.

Mrs. A. C. Bishop testified that her place of residence was about 55 or 60 yards from the store; that on the night of the

10th of December, 1931, she saw that the door of Hanes store was open, and a few moments afterward saw a man inside; that he tried to shut the door as he came out, but it opened again; that the occurrence occupied about two minutes, after which the man ran away. She recognizd the appellant, Fred Young, as the man she saw come out of Hanes' store on the night of December 10, 1931. She heard one shot, ran to the door of her dwelling and looked out. She saw the appellant's face and recognized him as he came out the open door of Hanes' store and ran away. She was positive as to her identification of the appellant.

Roy Smith testified that he heard the noise of a burglary alarm about 10:30 o'clock in the night of the alleged burglary. He resided about 100 yards south of the store at the time. Upon hearing the alarm and seeing that the door of Hanes' store was open, he got his gun and fired twice. He did not shoot at any one. He saw some one run out of the store after he shot. The man went towards the back of Young's house. The witness saw the man who came out of the store. He was about the size of Young, and the witness thought at the time that the man was the appellant. Smith testified that he was related to the Hanes brothers.

The witness Hawk testified that the building was closed on the evening of December 10, 1931; that the windows were closed, the back doors barred, and the double front door locked. There were lights burning in and around the building, also one light on the porch. The store faced west, and the witness Bishop lived directly across the street. When Hawk returned to the store after the burglary, the light on the porch was burning.

Alton Hanes was in Lubbock, Texas, at the time of the burglary, and W. T. Hanes, according to the evidence, was at his home and was aroused and notified of the burglary by Mr. Bishop.

There was a burglar alarm in the store.

Kennedy, a constable, testified to tracks and also the fact that the bars on the inside of the building fastening the rear door were partly removed, but not sufficient to permit the opening of the door. Kennedy described the tracks and their locality indicating that some person had made them, beginning near the store building and leading to the appellant's home, where he was arrested late in the night by Kennedy. The witness described the direction of the tracks, claiming that they led to the appellant's house. Appellant was called out by the witness and the tracks measured. At the request of Kennedy, appellant put his foot into the tracks, which were the same size as his foot.

There was a patch or a halfsole on the appellant's shoe. The tracks corresponded with the shoe which had the patch upon it. The witness was positive that the tracks corresponded with the shoe having a patch on the sole. The ground was frozen at the time the investigation was made but had been softer early in the night. There was ice on the tracks except where they had been broken through the bank. There was also ice in the low places which had not frozen over again. In places the tracks were plain. There were other tracks, which, according to the witness, had apparently been made earlier in the evening. The frost was visible in such tracks, a condition which did not apply to the tracks which the witness contends were made later.

It was admitted that the general reputation of the appellant in the neighborhood as a peaceable law-abiding citizen was good.

The appellant's wife testified that she and her husband slept in the same bed on the night of the alleged burglary; that she retired about eight o'clock and that he retired before that time; that she heard some shots about 10:30 o'clock at night. After the first shot was fired she got up, but her husband slept until she aroused him at the time. She said that her husband could not have gotten out of bed without her knowledge at any time after eight o'clock and before the officers got there. When the officers came, appellant partly dressed and answered their call. She testified that she and the appellant had been married nine years.

The appellant testified in his own behalf that he retired about eight o'clock at night and remained in bed until the officers came and aroused him late in the night. He heard shots during the night but did not know the source of them. He denied that he entered the store of Hanes. He also denied that he left his home after eight o'clock in the evening. He had not previously been charged with any offense. He denied making the tracks. He admitted that he and Hanes were in the same business and were not on good terms.

The record presents no question other than the claimed insufficiency of the evidence. As the record is understood by the members of this court, the facts are such as to present a question of fact, the decision of which against the accused is binding upon this court.

The judgment is affirmed.

*Affirmed.*

174

HAWKINS, JUDGE.—Appellant insists that refusal of his application for continuance was an error for which the judgment should be reversed. We find in the record an application for continuance, but no bill of exception complains of its refusal. It has been the consistent holding of this court that such complaint must be preserved by bill of exception. Branch's Ann. Tex. P. C., sec. 304; volume 4, Texas Jurisprudence, sec. 60; Pinkston v. State, 91 Texas Crim. Rep., 644, 241 S. W., 152; Martin v. State, 92 Texas Crim. Rep., 124, 242 S. W., 234; Miller v. State, 93 Texas Crim. Rep., 163, 246 S. W., 87.

Appellant again urges that the conviction is not supported by the evidence. As said in our original opinion, the case is one which presents conflicting testimony on the pivotal issue. It thus became the peculiar province of the jury to determine the fact issue. The state's evidence, if believed, makes out the case; appellant's evidence, if accepted as true, entitled him to an acquittal. In such state of the record this court would be going too far to overturn the jury's finding.

The motion for rehearing is overruled.

*Overruled.*