## ROBERT CALDWELL v. THE STATE.

No. 18778.   Delivered March 3, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of turkeys; the punishment, confinement in the penitentiary for one year.

The testimony introduced by the State is deemed sufficient to have warranted the conclusion of the jury that on the 23rd of December, 1935, appellant stole three turkeys from G. I. Parham. Appellant did not testify and introduced no witnesses.

No bills of exception are brought forward.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, asserting that the court's approval of the fact that when his application for continuance was overruled, he then excepted to such action which was noted on the docket,—is tantamount to a separate bill of exceptions. We do not think so. It has been uniformly held by this court that complaint of the overruling

of an application for continuance must be brought forward by a separate bill of exceptions presented to the court and by him considered after the case is concluded. The reason is apparent. It might easily be that the witness or witnesses named in the application for continuance, came into court or were brought in by process during the trial of the case, in which event it is clear the accused would not be entitled to a reversal because of the overruling of his application for continuance. There are other contingencies that might arise during the trial affecting the propriety of the refusal of a continuance, which matters could be set up by the court in connection with the approval of the bill of exceptions presented to him after the trial was concluded, and thus show that no harm resulted to the accused. The complaint of the overruling of the application for continuance in this case is evidenced only by the notation of an exception taken by the accused at the time the continuance was refused. There is no other separate bill of exceptions in the record. For our views regarding such matters see McIntyre v. State, 99 Texas Crim. Rep., 330; O'Leary v. State, 112 Texas Crim. Rep., 57; Friday v. State, 117 Texas Crim. Rep., 37; Fromm v. State, 118 Texas Crim. Rep., 265.

This is the only point raised in the motion for rehearing, which is accordingly overruled.

*Overruled.*