## TONY GARCIA V. STATE.

No. 24611. February 1, 1950.
Rehearing Denied March 22, 1950.

*Piranio & Piranio,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is assault with intent to murder; the punishment, seven years in the penitentiary.

That appellant shot the injured party three times with a pistol is not disputed. According to the state's testimony, the shooting was without justification or excuse; according to appellant's testimony, he shot in self-defense.

The defensive theory, which the jury rejected, was pertinently submitted by the trial court in his charge. The facts warwant the jury's finidng.

No bills of exception appear in the record, without which we cannot consider appellant's contention that the trial court erred in overruling his motion for a continuance.

The judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The attorneys who filed the motion for rehearing for appellant did not represent him on the trial of his case and his motion for rehearing states that they had no responsibility for the failure to bring to this court bills of exception complaining of the court overruling his motion for continuance. They now ask that this motion be considered, in as much as it is found in the record in its fullness.

This we cannot do. The legislature makes the laws designated as The Code of Criminal Procedure and we have no authority to change the same. The action of the court on the motion for continuance of the case can only be considered when brought before this court by a proper bill of exception. Branch's Annotated Penal Code, Section 304, page 183; Caldwell v. State, 132 Tex. Cr. R. 256, 103 S. W. 2d 758; and Newton v. State, 147 Tex. Cr. R. 400, 180 S. W. 2d 946.

The motion for rehearing is overruled.

